IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| BERNARD JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:07-00356-JFA-BM |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN HARRIS BODY SHOP, | ) | **REPORT AND RECOMMENDATION** |
| CAMPBELL HARRIS, STEVE | ) | |
| JEFFCOAT, | ) | |
| | ) | |
| Defendants. | ) | |

This action was originally filed February 2, 2007, by the Plaintiff, pro se, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. Plaintiff asserts that he was wrongfully fired and has been subjected to discrimination. The Defendants Harris and Jeffcoat filed a motion to dismiss and/or for summary judgment pursuant to rule 12, Fed.R.Civ.P., on March 14, 2007.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March15, 2007, advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted. Plaintiff thereafter filed an answer to Defendant's motion to dismiss, on April 12, 2007. In his answer, Plaintiff requested that the suit against John Harris Body Shop continue, although he does not oppose dismissal of the two natural defendants. Defendants'



1

motion to dismiss is now before the Court for disposition.[1]

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The natural Defendants Harris and Jackson have filed a motion for partial dismissal pursuant to Rule 12, Fed.R.Civ.P., seeking dismissal as party Defendants on the grounds that

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The individual Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

individual employees are not liable for Title VII violations.[2] The Fourth Circuit Court of Appeals has clearly held that employees of a corporate defendant are not liable in their individual capacities for Title VII violations. Lissau v. Southern Food Service, Inc., 159 F.3d 177, 178-181 (4th Cir. 1988); Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) [stating that "Title VII does not provide a remedy against individual Defendants who do not qualify as 'employers.'"]; see also Jones v. Tyson Foods, Inc., 378 F.Supp.2d 705, 708 (E.D.Va. 2004); Hooker v. Wentz, 77 F.Supp.2d 753, 756 (S.D.W.Va. 1999) [supervisors not liable in their individual capacities for Title VII violations]; Dalton v. Jefferson Smurfit Corp., 979 F.Supp. 1187, 1201-1203 (S.D.Ohio 1997). Therefore, Harris and Jeffcoat are entitled to dismissal as party Defendants under Plaintiff's cause of action.

### Conclusion

Based on the foregoing, it is recommended that the Defendants' Harris and Jeffcoat's motion for partial dismissal, dismissing them as party Defendants under Plaintiff's cause of action, be **granted**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
July 12, 2007

---

[2]Plaintiff seeks relief against his employer, John Harris Body Shop, as well as against the natural Defendants Harris (Plaintiff's former supervisor) and Jeffcoat (Plaintiff's former co-worker).

3

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).