# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| BERNARD JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:07-00356-JFA-BM |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN HARRIS BODY SHOP, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action was originally filed by the Plaintiff, pro se, on February 2, 2007, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. Plaintiff asserts that he was wrongfully fired and has been subjected to discrimination. Former Defendants Campbell Harris and Steve Jeffcoat filed a motion to dismiss and/or for summary judgment pursuant to rule 12, Fed.R.Civ.P., on March 14, 2007, and that motion was granted by the Court by order filed August 31, 2007. Therefore, the only remaining Defendant in this action is the Defendant John Harris Body Shop.

This remaining Defendant filed a motion to dismiss for failure to prosecute on October 1, 2007. In this motion, the Defendant has presented evidence to show that it has attempted to deliver documents to the Plaintiff on multiple occasions at the address shown in the pleadings, but that Plaintiff has either failed or refused to claim his mail. See Defendant's Exhibit C [envelopes returned

1



to sender as "unclaimed"]. Defendant further asserts in its motion that Plaintiff has not responded to its discovery requests, has not conducted his own discovery, and has not communicated "even one time" orally or in writing with the Defendant's counsel. Defendant notes that due to these problems the discovery deadline in this case was extended, but notwithstanding this extension the Defendant has still been unable to conduct any discovery in this case. See also, Defendant's Exhibit D. Defendant therefore argues that dismissal of this action for failure to prosecute is warranted. See Defendant's Exhibit E [notice to the Plaintiff from the Defendant that it would seek dismissal if Plaintiff refused to cooperate in discovery].

Because the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 2, 2007, advising Plaintiff of the importance of Defendant's motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Plaintiff has failed to file any response to the Defendant's motion, which is now before the Court for disposition.[1]

**Discussion**

Rule 41(b), Fed.R.Civ.P., authorizes a Court to dismiss an action for failure to prosecute or for failure to comply with court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See Link v. Wabash Railroad Co., 370

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997). Whether to dismiss under Rule 41(b) is a matter for the Court's discretion. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006). See also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]; Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

Defendant represents to the Court that the Plaintiff has failed to respond to mailings from the Defendant and has further failed to respond to discovery requests. Plaintiff has also otherwise acted in a dilatory fashion by failing to comply with the directives and deadlines set forth in the scheduling order in this case, failing to move for any continuances, or to communicate with the Defendant in any way. As noted, Plaintiff has also failed to respond to Defendant's representations in its motion or to dispute these representations in any way. Therefore, Plaintiff clearly meets the first and third prongs of the Fourth Circuit's four prong test.



While the Plaintiff has engaged in the conduct described herein, the continuation of this action for almost eleven (11) months has caused the Defendant to incur continuing costs and expenses associated with this lawsuit. Further, Plaintiff's failure to cooperate in discovery has prejudiced the Defendant's ability to ascertain the facts and prepare a defense in this action. Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four part test.

As for the fourth prong of the Fourth Circuit's four part test, the record in this file shows that Plaintiff has failed to respond to notices received from the Defendant, has failed to respond to motions, and has failed to even communicate with the parties or with the Court in this action. Further, in the motion filed by the Defendant, Plaintiff was specifically put on notice that the Defendant was seeking dismissal as a sanction for his conduct. However, he has failed to respond to this motion, nor has he responded to the Court's Roseboro order, in which he was specifically advised that if he failed to adequately respond to the Defendant's motion, his case might be dismissed. Plaintiff has also apparently failed to pursue any discovery on his own behalf. In summary, Plaintiff has failed to effectively prosecute this case in any real sense.

The undersigned is mindful of the fact that the Plaintiff is proceeding pro se; however, although the federal courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone. See e.g. Ballard v. Carlson, supra; Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). In Ballard, the pro se complaint was dismissed with prejudice for failure to obey a court order despite a warning from the Court that failure to comply may result in dismissal. The Fourth Circuit upheld the dismissal. Id., at 95-96. In Zaczek v. Fauquier County, et. al., 764 F.Supp.

4



1074 (E.D. Va. 1991) aff'd, 16 F.3d 414 (4th Cir. 1993), the District Court dismissed the pro se state prisoner's § 1983 claim for the Plaintiff's willful disregard of the Court's warnings to cease his abusive motions practice or else have his case dismissed. The Court noted that the Plaintiff was repeatedly warned that the complaint would be dismissed if he did not obey the orders of the Court. Id. at 1080; see also Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993); *cf.* Hathcock v. Navistar Int'l Trans. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) [noting that "this court has emphasized the significance of warning a defendant about the possibility of default [under Rule 37] before entering such a harsh sanction"]; Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37]. Here, even though Plaintiff was specifically placed on notice that his case could be dismissed if he did not take at least some action in response to the motion filed by the Defendant, he has failed to respond or to take action of any kind.

Nevertheless, in considering whether sanctions less drastic than a dismissal with prejudice exist, and in light of Plaintiff's pro se status, an option other than outright dismissal presents itself. First, in an effort to try and fashion some sanction less drastic than dismissal, but sufficient to impress upon the Plaintiff the need for him to cooperate in this litigation and to comply with the Court's orders and the rules of this Court, a monetary penalty could be considered by the Court. Whether the actual assessment to the Plaintiff of costs and fees would result in a change in his behavior is unknown; however, through the payment of fees and costs, the Plaintiff may be able to sufficiently demonstrate to the Court that he will in the future comply with this Court's rules to allow this case to proceed, while at the same time allowing the Defendant to recoup some of the

5



losses it has incurred as a result of Plaintiff's actions to date. If this option is accepted by the Court, the Defendant should be required to submit an affidavit of fees and costs incurred as a result of Plaintiff's conduct, including costs and fees incurred as a result of having to file motions and briefs because of this conduct, within ten (10) days of any order of the Court adopting this Report and Recommendation. Plaintiff could submit any objections he may have to the amount of fees and costs requested, with the Court then entering a final order setting the proper amount due.

In the event such payment is then made, Defendant's motion to dismiss this case as a sanction for Plaintiff's conduct should be denied, with a new deadline set for Plaintiff's compliance with discovery in this case and to sit for a deposition. However, in the event Plaintiff fails to timely remit payment, the Defendant's motion should be granted, and this action should be dismissed with prejudice. See Ballard, 882 F.2d at 95 [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning].

Finally, before proceeding as set forth hereinabove, Plaintiff should be required to advise the Court that he does in fact want to continue to pursue this matter. Therefore, if Plaintiff fails to respond to this Report and Recommendation, either by way of objections or at least as an acknowledgment that he wishes to continue to pursue this case, then instead of allowing a sanction less drastic than dismissal, the Defendant's motion should be granted, and this case dismissed. Knox v. State of South Carolina, No. 05-3236, 2006 WL 2345936 (D.S.C. Aug. 10, 2006); Hucks v.



Allstate Ins. Co., No. 04-23336, 2006 WL 2243148 (D.S.C. Aug. 4, 2006).

  The parties are referred to the Notice Page attached hereto.

                _____
                Bristow Marchant
                United States Magistrate Judge

Columbia, South Carolina

January  3, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

