IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Bernard Jackson, | ) | C/A No.:   3:07-356-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Harris Body Shop, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Bernard Jackson, initiated this action against the defendant alleging claims for wrongful termination of his employment and discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). Former defendants Campbell Harris and Steve Jeffcoat filed a motion to dismiss and that motion was granted by the court on August 31, 2007. Therefore, the only remaining defendant in this action is John Harris Body Shop.

On October 1, 2007, this remaining defendant, John Harris Body Shop, filed a motion to dismiss for failure to prosecute. The defendant presents evidence that it has attempted to deliver documents to the plaintiff on multiple occasions at the address shown in the pleadings, but that the plaintiff has either failed or refused to claim his mail. It also appears that the plaintiff has failed to respond to defendant's discovery requests nor has he

1

communicated with the defendant or defendant's counsel.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should dismiss[2] upon motion of the defendant pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. In addition, the Magistrate Judge has considered the Fourth Circuit's four-prong test[3] in determining his recommendation that the action should be dismissed under Rule 41(b).

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 3, 2008. However, the plaintiff did not file any objections[4] to the Report within the time limits prescribed.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did not respond to the motion.

[3] *See Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).

[4] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*,
(continued...)

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference.[5]   Accordingly, this action is dismissed for failure to prosecute under Rule 41(b).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

January 30, 2008
Columbia, South Carolina

---

[4](...continued)
474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

[5] The court declines the Magistrate's suggested option of requiring the defendant to submit an affidavit of fees and costs incurred; allowing the plaintiff time to respond to the affidavit; and then dismissing the action if plaintiff fails pay the costs as a sanction.